**SC & T PROPERTIES, a Tennessee General Partnership, Plaintiff–Appellant,**

v.

**Joe B. HUDDLESTON, Commissioner of Revenue, Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

Jan. 6, 1992.

John B. Owens, Jr., Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Pamela Bingham Broussard, Asst. Atty. Gen., Nashville, for appellee.

OPINION

DAUGHTREY, Justice.

This matter is before us on direct appeal from the Davidson County Chancery Court. The chancellor found that the plaintiff taxpayer, SC & T Properties, was subject to the payment of sales tax on the resale of certain teleproduction equipment, despite the fact that it was an "isolated sale or transaction," exempted from taxation in some circumstances under T.C.A. § 67–6–102(1). We agree with the chancellor's ruling and affirm.

Pursuant to T.C.A. § 67–6–201 and related sections, sales taxes are imposed on certain sales of tangible personal property

in Tennessee. T.C.A. § 67–6–201 provides as follows:

It is declared to be the legislative intent that *every person* is exercising a taxable privilege who:

(1) Engages in the business of selling tangible personal property at retail in this state;

For purposes of T.C.A. § 67–6–201(1), the term "business," upon which sales taxes are levied, is defined in T.C.A. § 67–6–102(1). The latter statute provides, in pertinent part, as follows:

"Business" includes any activity engaged in by any person, or caused to be engaged in by him, with the object of gain, benefit, or advantage, either direct or indirect. "Business" does not include occasional and isolated sales or transactions *by a person who does not hold himself out as engaged in business* (emphasis added).

The specific question in this case is whether the transaction in question falls within the definition of "business" in T.C.A. § 67–6–102(1), and is thus subject to sales tax, or whether the sale was exempt as an "occasional and isolated sale[s] or transaction[s] by a person who does not hold himself out as engaged in business."

The facts were stipulated. The taxpayer, SC & T Properties, is a partnership, composed of three individuals. Prior to the events giving rise to this litigation, SC & T's only business consisted of leasing real property to Sifford Video Services, Inc., a teleproduction company that was owned and operated by the partners of SC & T.

In the fall of 1987, Hospital Corporation of America decided to sell the equipment that it had been using to produce videos in its own teleproduction unit. HCA was not in the business of selling video equipment and was not registered with the Department of Revenue as a dealer in such equipment. In an apparent effort to simplify the transaction, HCA decided that it would sell all the equipment in a single lot, to one buyer.

At the same time HCA was looking for a buyer, Sifford Video Services was in the market for a routing and switching system, although it had no use for the other equipment offered by HCA. The parties were nevertheless able to negotiate an acceptable price. Because of certain financial shortcomings, Sifford Video Services was not in a position to purchase the equipment, but SC & T was. SC & T therefore entered into a contract with HCA dated November 20, 1987.

Under this contract, all of the teleproduction equipment was to be purchased by SC & T for $250,000. The contract also required SC & T to present HCA with a resale certificate. (In negotiations, SC & T had contended that such a certificate was not necessary, because its purchase would be non-taxable under the isolated sale provision, but HCA prevailed on this point.) Therefore, pursuant to the terms of the contract, SC & T registered with the Department of Revenue as a dealer in used equipment and gave HCA a resale certificate at the time the contract was executed.

Approximately ten days after the purchase from HCA, one of the partners in SC & T was approached by a representative of United Shoppers of America, Inc., a Nevada corporation. United Shoppers wanted to purchase some, but not all, of the equipment that the plaintiff had bought from HCA.

Following negotiations, SC & T entered into a contract to sell United Shoppers all of the equipment it had purchased from HCA, except for the routing and switching system. This contract was dated December 9, 1987, and set the purchase price at $600,000. From the terms of the second contract, it appears that the equipment sold to United Shoppers in December was still located on the HCA premises at the time the contract was executed.

SC & T then leased to Sifford Video Services the routing and switching system that it did not sell to United Shoppers. Tennessee sales taxes were paid with respect to this lease transaction, but SC & T took the position that the sale to United Shoppers was not subject to taxation.

The Department of Revenue disagreed. It issued an assessment in the amount of

$37,869 on the sale to United Shoppers. The assessment included interest accrued in the amount of $9,294, for a total of $47,163. The Department was willing to concede that the sale to United Shoppers was an "occasional and isolated sale." But it took the position that under pertinent regulations promulgated by the Department, SC & T could not claim an exemption on this basis.

Pursuant to T.C.A. § 67–6–402, the Commissioner of Revenue is authorized to publish "reasonable rules and regulations not inconsistent with this chapter." Under such authority, the Commissioner has adopted regulation 1320–5–1–.09(1), which provides, in pertinent part, as follows:

> The Sales Tax does not apply to casual and isolated sales by persons who are not, or who have been deemed by the Commissioner not to be engaged in the business of selling tangible personal property ... This exemption, however, does not apply to any sales of tangible personal property or taxable services bought upon a resale certificate for resale *by those persons who hold themselves out as engaged in business*, notwithstanding the fact that the sales may be few and infrequent (emphasis added).

The parties have stipulated that the transaction between SC & T and United Shoppers "was a casual and isolated sale." However, the exclusion from the statutory definition definition of "business" under T.C.A. § 67–6–102(1) does not apply to all "occasional and isolated sales" but only to "occasional and isolated sales or transactions by a person who does not hold himself out as engaged in business." The regulation set out above, Tenn.Admin.Comp. 1320–5–1–.09(1), is consistent with T.C.A. § 67–6–102(1).

The Department of Revenue insists that by registering with the Department of Revenue as a dealer in used equipment and presenting a resale certificate to HCA, SC & T disqualified itself as "a person who does not hold himself out as engaged in business," thus making the exclusion for casual and isolated sale inapplicable to SC & T's later transaction with United Shoppers.

■ In response, SC & T argues that it registered as a dealer not because it intended to do business as a dealer, but because HCA refused to sell without receiving a resale certificate, which was unnecessary in the first place. SC & T further argues that it never intended to resell the surplus equipment, planning instead to "junk it" or store it, and that the profitable transaction with United Shoppers was wholly serendipitous. It may well be that HCA's emphasis on securing a resale certificate was legally unwarranted under all the circumstances. The exclusion from taxability for "occasional and isolated sales," under T.C.A. § 67–6–102(1), and the exclusion for "sales for resale," under T.C.A. § 67–6–102(22)(A), are not mutually exclusive. A given transaction might qualify for each of these exclusions. Based on the parties' stipulations, it appears that SC & T's purchase from HCA did qualify for both exclusions; in this case, SC & T's actions in registering as a dealer of used equipment and presenting a resale certificate may well have been superfluous.

But the fact remains that SC & T is registered with the state as a dealer in used equipment and that within a very short period of time after purchasing HCA's equipment, regardless of subjective intent, it struck a highly lucrative deal to resell that equipment to United Shoppers. The imposition of sales taxes on that sale is not punitive. If SC & T had not purchased the equipment pursuant to the presentation of a resale certificate, then (even though the purchase from HCA was tax-free as an isolated sale) SC & T would have owed use taxes on the equipment pursuant to T.C.A. § 67–6–203.

If we were to hold in SC & T's favor, the decision would create an untenable precedent. A taxpayer would be permitted to register as a dealer in tangible personal property, acquire such property in a tax-free transaction, and then repudiate those actions and dispose of the property in a second tax-free transaction. As an example, assume that a taxpayer desiring to

purchase $1,000,000 in equipment from a dealer in such equipment (in a transaction that would otherwise be subject to sales taxes) procured a third party to register as a dealer in such equipment and acquire the equipment from the first dealer upon the presentation of a resale certificate. The third party could then repudiate its earlier legal position that it was a dealer and sell the newly acquired equipment to the taxpayer in a transaction that would qualify as a tax-free "occasional and isolated sale." Such a ruse would prevent the imposition of over $55,000 in otherwise valid sales taxes. To avoid such an inequity, the Department (and ultimately the courts) would have to look behind every transaction and examine the motive and intent of the parties. That result is so obviously unwise that it is not worthy of further discussion.

We do note as a final matter, however, that SC & T's contention that it did not hold itself out as engaged in business is (in addition to being inconsistent with its registration as a dealer) contrary to its payment of sales taxes with respect to its lease of teleproduction equipment to Sifford Video Services.

The trial judge properly determined that however "isolated" the sale to United Shoppers may have been, SC & T was disqualified from claiming exemption from taxation on the transaction because it held itself out as engaged in business. The judgment of the Chancery Court is therefore affirmed, and the case is remanded for the computation of the interest due and the determination of attorneys' fees and expenses of litigation, to which the Department of Revenue is entitled pursuant to T.C.A. § 67–1–1803(d). Costs on appeal will be assessed to the appellant.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.